## Case No. 17,751a.

### WILLIAMSON v. BUZZARD.

[Hempst. 243.] [2]

Circuit Court, D. Arkansas. July, 1834.

BOND FOR COSTS—SUFFICIENCY—TIME OF GIVING.

1. A bond for costs which omits the name of the non-resident plaintiff about to institute suit, is defective, and the suit should be dismissed.

2. Nor can bond be given after the institution of suit, so as to prevent dismissal.

Appeal from Hempstead circuit court.

[This was an action by Polly Williamson against Jacob Buzzard.]

Before JOHNSON, ESKRIDGE, and LACY, JJ.

OPINION OF THE COURT. This is an action of detinue brought by the appellant, a non-resident, against the appellee, which was dismissed at the cost of the appellant, on the motion of the appellee, on the ground that the bond for costs filed by the plaintiff in the court below was defective and insufficient. The condition of the bond, which is alleged to be defective, is in the following words: "The condition of the above obligation is such, that

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Samuel H. Hempstead, Esq.]

whereas a non-resident of the territory of Arkansas is about to commence an action of detinue in the circuit court," &c., and omitting to insert the appellant's name as the non-resident about to bring the suit. After the judgment dismissing the suit was rendered by the circuit court, the appellant, by her attorney, presented to the court a new bond for costs, and moved the court for permission to file the same and to reinstate the cause upon the docket, which motion was overruled by the court.

The counsel, for the appellant, contends that the court below erred—First, in dismissing this suit for want of a sufficient bond for costs; and, secondly, in refusing to receive a new bond when tendered, and reinstate the cause on the docket. The statute (Geyer's Dig. 244) provides that "any person who shall not be a resident within this territory shall, before he institutes any suit in the courts of this territory, file or cause to be filed, a bond with sufficient security, with the clerk of the court wherein his suit is instituted, for the payment of all costs which may accrue in said suit." It has been repeatedly held by this court, that unless a bond for costs is filed by a non-resident before he commences his suit, he shall not be permitted, after the suit is brought, to file the bond, but the court, on motion, will dismiss the action at the plaintiff's costs. We are still satisfied that this is the sound and correct construction of the statute, and feel no inclination to disturb the long and well settled practice. The counsel for the appellant, however, maintains the propositions, that the bond for costs filed by the appellant before the institution of the suit is a good and valid bond. He admits that there is a latent ambiguity in the bond, but contends that this ambiguity can be explained by averment and proved by parol evidence. Admitting the correctness of this position, which we are not disposed to controvert, still we are of opinion that the bond in question was not such a bond as was required by the statute. The plaintiff, before he institutes his suit, is required to file his bond with sufficient security for the payment of all the costs which may accrue in the suit. What description of bond is here required? Will a bond containing a latent ambiguity upon its face, which may be enforced by averments and parol proof, be sufficient? We think not. It should be a bond in which there is neither a latent nor patent ambiguity; one requiring neither averment nor parol evidence for its explanation and support; a bond clear and explicit in its terms, and free from any substantial defect. We are, then, clearly of opinion that the bond originally filed by the plaintiff in the court below, was not such a bond as is contemplated by our statute, and that the judgment of dismission was properly rendered on that ground.

The second point presented in this case is, whether a non-resident plaintiff, having filed a defective bond for the costs, shall be per-

mitted after the commencement of the suit to file a good and valid bond. We have reflected much upon this question, and the conclusion at which we have arrived is, that the best and soundest construction on the statute is to require a good, sufficient, and valid bond anterior to the institution of the writ, and permit no amendment after the suit is brought. The statute requires the bond before the suit is instituted, and a defective and imperfect bond cannot be said to be a strict compliance with the law. Neither justice nor sound policy, in our judgment, calls upon the court to relax the requisitions of the statute. There is no difficulty in preparing and filing a valid and legal bond, and to permit any other kind to be available might lead to consequences highly pernicious. Judgment affirmed.